Bergan, J.
(concurring for reversal). In People v. Kahan (15 N Y 2d 311) this court held section 484-h of the Penal Law, as it then read, was constitutionally deficient and at the same time suggested careful draftsmanship could provide a constitutionally valid statute for the protection of young persons against obscene publications.
With the aid of District Attorneys and other specialists, a constitutionally sound statute was enacted by the Legislature by a new section 484-h (L. 1965, ch. 327) which meets the test laid down in Kahan and in the Federal eases. At the same session of the Legislature, for some reason not made clear, section 484-i was also enacted (L. 1965, ch. 372) which, as Judge Fuld demonstrates, was so drafted as to be open.to constitutional defects in important respects similar to those considered in Kahan. If *281 due respect is to be paid to the prior decisions of this court, it must be held that section 484-i is defective in draftsmanship.
On pragmatic grounds if there is open to the prosecution a choice between a soundly conceived statute and a defective statute, the prosecution should rest on the strong law rather than the weak one. To insist on prosecution under section 484-i, with its patent defects in draftsmanship, unnecessarily opens up a potential field of litigation in the Federal courts with the ultimate decision on constitutionality, and hence the enforcement of this statute to protect the young, left in doubt.
This can be avoided if, consistent with Kahan, the section 484-i enactment is now held unconstitutional. This would, in turn, require prosecutions to be made in pursuance of the soundly drafted provision of section 484-h. I concur, also, in the views expressed by Judge Fulo.
Opinion by Judge Keatihg. All concur except Judge Fuld who dissents in an opinion in which Judges Vast Vooehis and Beegah concur, Judge Beegah dissenting in a separate opinion in which Judge Vau Vooehis also concurs.
Judgment affirmed.